IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV458-02-MU

| | |
|---|---|
| JOHN E. WALL,           )<br>    Plaintiff,        )<br>                        )<br>      v.                )<br>                        )<br>(FNU) JOHNSON, Unit Nurse at  )<br>  the Morrison Correctional   )<br>  Unit;                       )<br>(FNU) PAGON, Superintendent at)<br>  the Morrison Correctional   )<br>  Unit; and                    )<br>RODNEY (LNU), Unit Nurse at   )<br>  the Central Prison,         )<br>    Defendants.               )<br>_____) | __ORDER__ |

**THIS MATTER** comes before the Court on initial review of plaintiff's form-Complaint under 42 U.S.C. §1983, filed November 3, 2006. For the reasons stated herein, the plaintiff's Complaint must be <u>transferred</u> to the federal District Court for the Middle District of North Carolina.

According to the Complaint, the plaintiff is an inmate within the North Carolina Department of Corrections who, on or about October 1, 2005, began having problems with his feet. Such problems reportedly consisted of him developing sores, blisters and pain, which problems the plaintiff alleges were, at some point, diagnosed as "Hammer Toe."

In any event, the plaintiff alleges that defendant Johnson,

whom he identified as a Unit Nurse at the Morrison Correctional Institution, violated his rights by failing to issue "proper shoes" to him. As for defendant Pagon, the plaintiff merely alleges that he was the Superintendent at Morrison during the period in which Johnson violated his rights.

As for defendant Nurse Rodney (LNU), the plaintiff identifies him as a Unit Nurse at Central Prison. According to the plaintiff, defendant Rodney (LNU) violated his rights when, on an occasion while he was administering certain otherwise unspecified "treatment" to the plaintiff, he ordered the plaintiff from his office in response to the plaintiff's inquiry concerning some medical terminology related to his care.

Based upon his allegations of neglect and mistreatment, the plaintiff is seeking, among other relief, tens of thousands of dollars in compensatory and punitive damages from the defendants. Notwithstanding whether or not the plaintiff can state a constitutional claim for relief on the basis of his allegations, it is abundantly clear that this Court does <u>not</u> have the authority to entertain those matters.

Indeed, venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in: 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions

2

giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(b).

Here, the plaintiff's Complaint does <u>not</u> set forth the addresses of the defendants' residences. However, the Court has taken judicial notice of the fact that the plaintiff does report that defendants Johnson and Pagon both are employed at the Morrison Correctional Institution, which is located within Richmond County, North Carolina. Richmond County is situated within the Middle District of North Carolina. Similarly, the plaintiff reports that defendant Rodney (LNU) is employed at Central Prison which is located in Wake County. Wake County is situated within the Eastern District of North Carolina. Thus, it is highly unlikely that either of the defendants resides within this judicial District, that is, inside the Western District of North Carolina.

Furthermore, it is clear that while the plaintiff now is housed at a Prison which lies within this judicial District, he does <u>not</u> allege that any of the matters which are the subject of his Complaint took place here. Consequently, because the face of this Complaint does <u>not</u> support a finding that the defendants reside in the Western District of North Carolina, but actually may reside elsewhere within the State of North Carolina, and

3

most, if not all, of the matters about which plaintiff complains occurred in the Middle District of North Carolina, the Court finds that this matter should be transferred to that District.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **TRANSFERRED** to the federal District Court for the Middle District of North Carolina.

**SO ORDERED.**

Signed: November 13, 2006

Graham C. Mullen
United States District Judge